**SO ORDERED.**

**SIGNED this 01 day of July, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

GROUNDSCAPES OF NC, INC.,                       CASE NO. 09-3119-8-JRL
                                                Chapter 11
    DEBTOR.

_____

ORDER

This matter came before the court on the debtor's motion for contempt for violation of the automatic stay. A hearing on this matter was held on June 23, 2009 in Raleigh, North Carolina.

Groundscapes of NC, Inc. ("debtor") filed its petition for relief under Chapter 11 of the Bankruptcy Code on April 17, 2009. The debtor operates a residential landscaping business. As part of its business, the debtor entered into a contractual agreement with the respondent, UniFirst, a company that supplies work uniforms. UniFirst was listed and scheduled as an unsecured creditor in the debtor's case.

Court records show that notice was mailed to UniFirst on April 22, 2009. On that same day, a letter was mailed from UniFirst to the debtor alleging breach of contract and demanding monetary damages. This alone is not a wilful violation of the stay because the two documents

passed each other in the mail. However, two days later, on Friday, April 24, 2009, Travis Cook ("Cook"), District Service Manager of UniFirst, contacted the debtor by telephone. At hearing, the president of the debtor asserted that during the phone conversation, he informed Cook of the bankruptcy. He further asserted that he provided Cook with the name and phone number of debtor's counsel and directed Cook to make any further inquires through the attorney. In spite of this information, Cook called the debtor again on Monday, April 27, 2009, to tell the debtor that UniFirst would be picking up the uniforms the following day. After ending this second phone conversation, the debtor relayed the information to its attorney. At such time, counsel for the debtor contacted Cook by e-mail. The e-mail contained an attached letter which again notified UniFirst of the automatic stay and provided an explanation as to the effect of the stay. Cook, responded to debtor's counsel by a return e-mail which read, "We will pick up OUR property on Tuesday, April 28, 2009 as planned." Debtor's counsel, having subsequently learned of UniFirst's counsel, forwarded all communications onward in an attempt to avoid further violations of the automatic stay. Such attempts, however, were futile.

In complete disregard of the notice, Cook and another representative from UniFirst appeared at the debtor's location on April 28, 2009. Again a demand was made for the uniforms. The debtor stated that the representatives of UniFirst stayed at the location for approximately 45 minutes, leaving only after the debtor threatened to call the police. UniFirst alleges that it never received the notice of April 22, 2009. While UniFirst acknowledged that Cook did receive the letter and e-mail from debtor's counsel on April 27th, it explained that Cook was unable to reach UniFirst's counsel for further guidance.

The court finds that UniFirst's actions were a clear and wilful violation of the automatic

stay. It is axiomatic that when notice is sent it is also received. This presumption is not overcome without evidence that notice was sent to a wrong address. However, even if notice was not received via the official court notification, ample communications were made by the debtor and debtor's counsel to alert and inform UniFirst of the filed petition. Nonetheless, in wilful violation of the automatic stay, two officers of the respondent showed up at the debtor's place of business, interfered with its operation, and refused to leave until threatened with police involvement.

Based on the foregoing, the motion for contempt for violation of the automatic stay is GRANTED. UniFirst shall be sanctioned in the total amount of $4,000.00, which includes compensatory damages of $1,000.00; attorneys fees of $1,000.00; and punitive damages in the amount of $2,000.00.

END OF DOCUMENT